## La Salle Restaurant and Oyster House v. Thomas J. McMasters.

1. RESTAURANT KEEPERS—*As Bailees.*—In this case the court holds a restaurant keeper liable as a bailee for the loss of an overcoat of his guest.

Assumpsit, for the loss of an overcoat. Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

**Statement.**—This suit was commenced by appellee before a justice of the peace to recover from appellant the value of an overcoat and some articles lost therewith. Appellant was a restaurant keeper in the city of Chicago. January 26, 1898, appellee entered the restaurant of appellant as a patron. After entering he said to the waiter, who afterward took his order for refreshments, that he, appellee, did not see a vacant rack upon which to hang his coat. Thereupon the waiter took the coat and said that he would take care of it. He hung it upon a rack near to and a little back of appellee. When appellee had finished eating, and was about to depart from the restaurant, his coat could not be found. On the bill of fare was conspicuously printed the words: "Not responsible for hats and coats." Appellee recovered judgment in the justice court. Upon appeal to the Superior Court and trial there before a jury, there was a verdict and judgment in favor of appellee. From that judgment this appeal is prosecuted.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

Appellant is not an inn-keeper, and, therefore, not subject to the severe and peculiar liability which the common law imposes upon inn-keepers. 11 Am. & Eng. Ency. of L. 7; Story on Bailments (8th Ed.), Sec. 475; Schouler on Bailments, 252; Lewis v. Hitchcock, 10 Fed. Rep. 6; Carpenter v. Taylor, 1 Hilton (N. Y.), 193; Cromwell v. Stephens, 2

Daly, 15; The Queen v. Rymer, L. R., 2 Q. B. D. 136; Doe v. Laming, 4 Camp. 73; Sheffer v. Willoughby, 61 Ill. App. 264; Pullman Palace Car Co. v. Smith, 73 Ill. 360.

He is not liable as bailee of the overcoat. Rea v. Simmons, 141 Mass. 561; Farber v. Railway Co., 32 Mo. App. 378.

JEROME PROBST, attorney for appellee.

Appellant is liable for the loss of the overcoat and its contents, as a bailee for hire. Appleton v. Welch, 45 N. Y. Supp. 751; Buttman v. Dennett, 30 N. Y. Supp. 247; S. C., 9 Misc. Rep. (N. Y.) 462; Bunnell v. Stern, 122 N. Y. 539; Dilberto v. Harris, 95 Ga. 571; Ultzen v. Nicols, 1 Q. B. (Law Rep. 1894) 92.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

It is urged by appellant and conceded by appellee that appellant is not an inn-keeper, and not subject to the peculiar liability which the law imposes upon inn-keepers.

On behalf of appellant it is contended that the waiter did not accept the coat of appellee as an agent or representative of appellant, but as an agent of appellee. This contention is based, mainly, upon the fact that the words "Not responsible for hats and coats" is upon the bill of fare, and the fact that it was provided by the rules of the restaurant that "waiters must under no circumstances take coats, hats or umbrellas from patrons, politely showing them the hat racks."

As to said quotation from the rules, it is sufficient to say that it was not posted for the public until after the loss of the coat in question, and that there is no evidence that appellee knew of such rule. That rule was posted only in the waiters' dressing room.

The waiter who took the coat from appellee testified that the head waiter had instructed him to take charge of hats and coats for guests. The head waiter testifies that he did did not so instruct said waiter. Whether he did or not was a question of fact for the jury. The verdict is conclusive

upon this court upon that question, under the record in this case.

The contention that appellee was guilty of gross negligence is not sustained by the evidence. The verdict was for $35. It is contended that this is excessive. It may be true that the jury allowed a full price or a little more for the coat and other property, but there is no such excess as would justify a reversal. The judgment of the Superior Court is affirmed.